IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| L. THOMAS ELLISTON<br>and RUTH I. ELLISTON | )<br>)<br>) |
| Plaintiffs, | ) Case No. _____<br>) |
| v. | ) Jasper County Mo. No.<br>) 10A0-CC00448 |
| THE DOE RUN RESOURCES<br>CORPORATION, a corporation, | )<br>)<br>) **NOTICE OF REMOVAL** |
| Defendant. | ) |

COMES NOW Defendant The Doe Run Resources Corporation ("Doe Run"), by and through its undersigned counsel, pursuant to Title 28, United States Code §§ 1441 and 1446, and files its Notice of Removal in the above-styled case to the United States District Court for the Western District of Missouri, and as grounds therefore, states as follows:

### I. STATE COURT ACTION

1. Plaintiffs L. Thomas Elliston and Ruth I. Elliston ("Plaintiffs") have commenced a civil action that is now pending in the Circuit Court of Jasper County at Joplin, State of Missouri (the "State Court Action"), naming Doe Run as defendant.

2. The Summons and Plaintiffs' Petition are attached hereto as <u>Exhibit A</u> and constitute the only process, pleadings or other papers in the State Court Action.

3. The attorney of record for Plaintiffs in the State Court Action is L. Thomas Elliston, Elliston Law Offices, 1601 South Madison, Webb City, Missouri 64870.

4. There are no motions or other matters currently pending in the State Court Action that require resolution by this Court.

5. The State Court Action relates to a remedial action ("the Remedial Action") being performed by Doe Run at certain properties within the Orongo-Duenweg Mining Belt Superfund

Site in Jasper County, Missouri (the "Jasper County Site"). The Jasper County Site is listed on the National Priorities List maintained by the United States Environmental Protection Agency pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9605 and the National Oil and Hazardous Substances Pollution Contingency Plan, 40 CFR §300. Doe Run is performing the Remedial Action pursuant to a Record of Decision entered by the United States Environmental Protection Agency exercising its CERCLA authority.

6. Plaintiffs own certain property in Jasper County and within the Jasper County Site. Plaintiffs and Doe Run entered an Access Agreement authorizing Doe Run to perform the Remedial Action on that property. Plaintiffs bring this action seeking either (a) rescission of the Access Agreement, which would prohibit Doe Run from performing the Remedial Action on their property; or (b) "specific performance" of the Access Agreement, which would require Doe Run to perform the remedial action, but to do so only in accordance with Plaintiffs' preferred manner of performance. Plaintiffs contend that their preferred manner of performance is required by the federal Record of Decision that governs the cleanup.

## II. TIMELINESS OF REMOVAL

5. The State Court Action was filed on or about December 20, 2010. Doe Run was served with Plaintiffs' Petition on or about March 11, 2011. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after service of Plaintiffs' Petition.

## III. SUBJECT MATTER JURISDICTION

6. The State Court Action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). The action may be removed to this Court

by Doe Run pursuant to the provisions of 28 U.S.C. § 1441 because this Court has federal question jurisdiction over the federal claims asserted.

7. In non-diversity cases, a party may remove a suit to federal court if the face of the plaintiff's well-pled complaint raises issues of federal law. There is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action. However, a case may arise under federal law, where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims," or "one or the other claim is 'really' one of federal law." *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983).

8. Plaintiffs' claims for rescission and, alternatively, specific performance of their Access Agreement with Doe Run arise under federal law. These claims constitute challenges to an ongoing CERCLA remedial action. Plaintiffs contend that certain actions that Doe Run proposes to take on Plaintiffs' property that are authorized by the express terms of the Access Agreement are not permissible under the CERCLA remedy as selected by the United States Environmental Protection Agency.

**A.    The Access Agreement between the Plaintiffs and Doe Run was entered into pursuant to Doe Run's obligations under a Consent Decree and Record of Decision to conduct a CERCLA remedial action in Jasper County, Missouri.**

9. In the United States District Court for the Western District of Missouri, Civil Action No. 08-5114-CV-SW-GAF, the United States of America, on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), the State of Missouri, ex rel. Jeremiah W. (Jay) Nixon (the "State"), and the Missouri Department of Natural Resources ("MDNR") filed a complaint against Doe Run pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607.

10. The complaint in that action sought, among other things, reimbursement of costs and performance of studies and response work by Doe Run at the Jasper County Site.

11. On March 26, 2009, the District Court approved and entered a Consent Decree between the aforementioned parties. *See* RD/RA Consent Decree (the "Consent Decree"), attached hereto as Exhibit B, and incorporated herein by reference. (The Consent Decree contained appendices which, because of their size, are not attached hereto).

12. Under the Consent Decree, Doe Run is required to perform a remedial action at certain locations within the Jasper County Site. The remedial action that Doe Run is required to perform was selected by EPA in its Record of Decision for Mine and Mill Waste Operable Unit One. *See EPA Superfund Record of Decision: Orongo-Duenweg Mining Belt*, entered September 30, 2004 (the "Record of Decision"), attached hereto as Exhibit C, and incorporated herein by reference.

13. The Jasper County Site consists of numerous parcels of real estate, some of which are owned or under the control of private residents.

14. Under the Consent Decree, Doe Run is required to use its best efforts to obtain an agreement for access from landowners within the Site for the parcels where it is required to perform the Remedial Action. *See* Consent Decree, at § IX, ¶ 26.

15. Plaintiffs are owners of certain real estate located within the Site.

16. The Access Agreement between Plaintiffs and Doe Run was executed on or about August 17, 2009. *See* Access Agreement, attached to the Petition as Exhibit AA, at pg. 5. The Access Agreement was amended on or about June 15, 2010, but the amendment does not affect the substance of the State Court Action. *See* Amendment to Access Agreement, attached to the Petition as Exhibit BB.

17.   The Access Agreement was entered into pursuant to Doe Run's obligations under the Consent Decree and the Record of Decision to perform a CERCLA Remedial Action on Plaintiffs' property. *See* Access Agreement, at pg. 1, ¶ 2, and pg. 2, ¶ 7.

**B.   Plaintiffs' claims for rescission, and alternatively, for specific performance of the Access Agreement challenge the implementation of the ongoing CERCLA cleanup at the Jasper County Site, which pursuant to 42 U.S.C. § 9613(b), grants exclusive jurisdiction over this matter to this Court.**

18.   Federal courts have exclusive jurisdiction over claims created by CERCLA and any claim created by state or federal law related to the goals of a CERCLA cleanup. *See* 42 U.S.C. § 9613(b) ("the United States district courts shall have exclusive original jurisdiction over all controversies arising under this chapter, without regard to the citizenship of the parties or the amount in controversy"); *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1115 (9th Cir. 2000).   Federal court jurisdiction "covers any challenge to a CERCLA cleanup." *ARCO Envtl. Remediation, L.L.C.*, 213 F.3d at 1115 *(citing Fort Ord Toxics Project, Inc. v. Cal. Envtl. Protection Agency*, 189 F.3d 828, 832 (9th Cir. 1999)).

19.   A challenge to a CERCLA cleanup constitutes any action that "is related to the goals of the cleanup." *ARCO Envtl. Remediation, L.L.C.*, 213 F.3d at 1115 (citation omitted).

20.   An action is a challenge if it is designed to: (a) "review or contest the remedy selected by the EPA, prior to implementation;" (b) "obtain a court order directing the EPA to select a different remedy;" or (c) "delay, enjoin, or prevent the implementation of a remedy selected by the EPA…" *Samples v. Conoco, Inc.*, 165 F. Supp. 2d 1303, 1315-16 (N.D. Fla. 2001).

21.   Specifically, courts have found challenges to a CERCLA cleanup where plaintiff sought to dictate certain remedial actions, *see Hanford Downwinders Coalition, Inc. v. Agency*

*for Toxic Substances and Disease Registry*, 71 F.3d 1469, 1482 (9th Cir. 1995), to enjoin a cleanup, *see Ford Ord. Toxics Project, Inc.*, 189 F.3d at 831, to impose additional reporting requirements on a cleanup, *see McClellan Ecological Seepage Situation v. Perry*, 47 F.3d 325, 330 (9th Cir. 1995), and to terminate an RI/FS and alter the method and order of a cleanup, *see Razore v. Tulatip Tribes of Washington*, 66 F.3d 236, 239 (9th Cir. 1995).

22. In the State Court Action, Plaintiffs assert two counts, both facially common law tort claims, for rescission of the Access Agreement and for specific performance of the Access Agreement. Both counts of the State Court Action challenge the CERCLA remedial action of the portion of the Jasper County Site owned by Plaintiffs.

> **(i) Plaintiffs' claim for rescission of the Access Agreement is subject to removal to this Court because it seeks to enjoin Doe Run from performing its obligations under an ongoing CERCLA remedial action.**

23. In the claim for rescission, Plaintiffs request that the state court declare the Access Agreement to be "null, void, and of no effect." *See* Petition, at pg. 6.

24. The rescission of the Access Agreement would prevent Doe Run from performing its ongoing obligations to remediate the Jasper County Site.

25. Plaintiffs' claim for rescission would amount to a *de facto* injunction against the CERCLA remedial actions on Plaintiffs' property as part of the Jasper County Site.

26. As stated above, an action to enjoin a CERCLA cleanup presents a challenge to an ongoing CERCLA remedial action within the scope of 42 U.S.C. § 9613(b). See *Ford Ord. Toxics Project, Inc.*, 189 F.3d at 831.

27. As such, Plaintiffs' claim for rescission of the Access Agreement is a challenge to an ongoing CERCLA remedial action to which this Court has exclusive jurisdiction under 42 U.S.C. § 9613(b).

28. Therefore, this Court should exercise jurisdiction over Plaintiffs' claim for rescission of the Access Agreement pursuant to 28 U.S.C. § 1441.

> *(ii) Plaintiffs' claim for specific performance of the Access Agreement is subject to removal to this Court because Plaintiffs seek to dictate the terms and the method of the ongoing CERCLA cleanup at the Jasper County Site, contrary to the requirements set by the EPA in the Consent Decree and Record of Decision.*

29. The Record of Decision provides a detailed justification for, and description of, the EPA's chosen alternative for the remedy action at the Jasper County Site. *See* Record of Decision, pg. 26 at § 13.2 ("Detailed Description of the Selected Remedy").

30. However, the EPA acknowledged that site-specific variations from the chosen alternative may be necessary. "Due to the extremely complex and varied nature of the site and the innovative nature of the preferred alternative, a flexible approach with respect to applying technologies from other alternatives may be necessary during implementation." *See* Record of Decision, pg. 26 at § 13.1 ("Selected Alternative Rationale").

31. Furthermore, the EPA stated that "components of other alternatives in the [Feasibility Study], such as biosolid treatment and capping of certain source materials may be necessary as conditions warrant. Where wastes are remotely located from disposal pits, or where removal of wastes from deep depressions would result in excessively deep excavation and water ponding, capping of the wastes with simple soil covers will be used to encapsulate the wastes in place." *See* Record of Decision, pg. 26 at § 13.1 ("Selected Alternative Rationale").

32. The Access Agreement between Plaintiffs and Doe Run reflected the flexibility granted by the EPA to tailor the cleanup methods employed by Doe Run on Plaintiffs' property. In particular, the Access Agreement permitted Doe Run to engage in the following activities: "Excavation and removal, consolidation, for subsequent use, *or capping* of Source Material,

contaminated soils and selected stream sediments exceeding Remedial Action Levels." (*emphasis supplied*).

33. Plaintiffs, by executing the Access Agreement, acknowledged that the Record of Decision would ultimately control what remedies would be implemented on their property. *See* Access Agreement, pg. 1 at § 4 "Remedial Action" ("The Remedial Action are more precisely defined by and more full set out in the ROD, *which controls in all respects* in defining the Remedial Action.") (*emphasis supplied*).

34. In their claim for specific performance, Plaintiffs pray that Doe Run be ordered to take certain actions. They pray that Doe Run consolidate for reuse any usable "chat" (a particular type of mine waste) located on their property. However, with respect to any other source materials or contaminated soils on their property, Plaintiffs pray that Doe Run be required to remove the material from their property. In particular, they ask that Doe Run be required to "evacuate, remove and dispose of the other source material, sediments, contaminated soil and mining structures in subsidence pits." Taking this action would preclude Doe Run from capping certain of the material onsite, which the Access Agreement expressly permits and which, Doe Run contends, the Record of Decision expressly allows.

35. Thus, while couched as a prayer for specific performance of the access Agreement, Plaintiffs' claim in fact seeks to impose on Doe Run an obligation that is not contained in the Access Agreement: an obligation to remove all contaminated soils and source materials from Plaintiffs' property.

36. The only source of a potential duty on Doe Run's part to remove all of the nonusable material from Plaintiffs' property is the CERCLA Record of Decision itself and this Court's Consent Decree requiring Doe Run to implement that Record of Decision on Plaintiffs'

property. In paragraphs 22 and 23 of their Petition, Plaintiffs cite portions of the Record of Decision that purportedly limit the circumstances under which source materials and contaminated soils can be left on the site. *See* Petition, pg. 8 at ¶¶ 22-23.

37. Thus, Plaintiffs contend that the Record of Decision requires removal of the contaminated soils and source materials. Doe Run contends that the Record of Decision expressly allows such materials to remain in place on Plaintiffs' property. The specific performance claim thus necessarily turns on the resolution of a question of federal law: the proper interpretation of a CERCLA Record of Decision.

38. It is a challenge to an ongoing CERCLA cleanup where a party seeks to dictate the manner and method of remedial actions undertaken at the site. *See Hanford Downwinders Coalition, Inc.*, 71 F.3d at 1482.

39. Plaintiffs' demand that Doe Run undertake specific remedial actions *of Plaintiffs' choosing* is an interference with Doe Run's obligations under the Consent Decree and Record of Decision.

40. Plaintiffs essentially assert that their interpretation of the Record of Decision should control Doe Run's actions on the property, and that under their interpretation, the Record of Decision limits Doe Run's remedial options.

41. Contrary to Plaintiffs' assertions, as shown in ¶¶ 29-32 above, Doe Run has been tasked to perform the cleanup within the guidelines articulated by the EPA in the Record of Decision. *See also* Consent Decree, pg. 3, at § I (J).

42. Plaintiffs acknowledged these terms in the Access Agreement.

43. By requesting that the Court order Doe Run to remove all waste from the property and dispose of the material offsite, and to control the extent of tree removal, Plaintiffs attempt to dictate the terms and method of the cleanup.

44. Plaintiffs' claim for specific performance goes beyond merely requesting that Doe Run fulfill its obligations under the Access Agreement to stepping into the role of the EPA under the Consent Decree and Record of Decision.

45. As such, Plaintiffs' claim for specific performance of the Access Agreement presents a challenge to an ongoing CERCLA cleanup of which this Court has exclusive jurisdiction under 42 U.S.C. § 9613(b).

46. Therefore, Plaintiffs' claim for specific performance of the Access Agreement should be removed to this Court pursuant to 28 U.S.C. § 1441.

## IV. NOTICE TO THE STATE COURT AND ALL PARTIES

47. Pursuant to 28 U.S.C. § 1446(d), Doe Run certifies that promptly after filing this Notice of Removal it will provide current written notice of the filing to Plaintiffs and to the Clerk of the Court of Jasper County, Missouri.

WHEREFORE, Defendant the Doe Run Resources Corporation prays that the State Court Action be removed to the United States District Court for the Western District of Missouri and that no further proceedings be held in the Circuit Court of the State of Missouri for the County of Jasper.

LEWIS, RICE & FINGERSH, L.C.

/s/ Andrew Rothschild
Andrew Rothschild
600 Washington Avenue; Ste. 2500
St. Louis, MO 63101
Telephone: (314) 444-7600
Facsimile: (314) 241-6056
arothschild@lewisrice.com

Attorneys for Defendant
The Doe Run Resources Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2011 the foregoing was transmitted to the Clerk of the Court for filing and electronic service and a copy of the same was mailed via United States Postal Service, postage prepaid, to the following:

L. Thomas Elliston
Elliston Law Offices
1601 S. Madison
Webb City, MO 64870

/s/ Andrew Rothschild